Lee D. Winston
lwinston@winstoncooks.com
Roderick T. Cooks
rcooks@winstoncooks.com
Winston Cooks, LLC
505 20th Street North
Suite#815
Birmingham, AL 35203
Telephone:     (205) 502-0970
Facsimile:     (205) 278-5876

Jay Greene
jay@jaygreenelawfirm.com
The Greene Law Firm
595 Market Street
Suite 680
San Francisco, CA 94105
Telephone:     (415) 905-0215

Attorneys for the Plaintiffs and the Proposed Class

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| ENOH I. ENOH, CHRISTOPHER JACKSON, DEREK L. MOBLEY and WILLIAM MURRELL, for and on behalf of themselves and other persons similarly situated,<br><br>    Plaintiffs,<br><br>    vs.<br><br>HP INC. and HEWLETT PACKARD ENTERPRISE COMPANY,<br><br>    Defendants. | **Case No.:  5:17-cv-04212-BLF**<br><br>PLAINTIFFS RESPONSE IN OPPOSITION TO DEFENDANTS' COMBINED MOTION TO:  (1) DISMISS OR TRANSFER FOR LACK OF PROPER VENUE; (2) DISMISS PURSUANT TO FIRST TO FILE RULE; (3) DISMISS PURSUANT TO FULE 12(B)(1) AND B(6); AND (4) STRIKE CLASS ALLEGATIONS |

## **TABLE OF CONTENTS**

I.    Introduction …………………………………………………………………..8

II.   Procedural History and Factual Allegations …………………………………… 9

      A.    Procedural History   …………………………………………………...9

      B.    The Workforce Reduction Plan   ……………………………………10

           1.    Plaintiff Enoh I. Enoh's Class Allegations (Race and Age)  . …………..13

           2.    Plaintiff Christopher Jackson's Class Allegations (Race and Age) ……..14

           3.    Plaintiff Derek L. Mobley's Class Allegations (Race)   ………………16

           4.    Plaintiff William Murrell's Class Allegations (Race)   ………………...17

III.   Legal Standard …………………………………………………………………..18

IV.   Argument………………………………………………………………………...20

      A.    Plaintiffs' Choice of Forum Is Entitled to Substantial
           Deference In a Title VII Case ……………………………………………  20

           1.    Venue is Proper in The Northern District of California ……………… 22

           2.    The Location of Employment Records Supports Venue in
               California ……………………………………………………… 23

           3.    28 U.S.C. § 1404(a)…………………………………………………...23

      B.    First to File Rule Does Not Require Splitting Off The ADEA Claims
           For Separate Litigation …………………………………………………… 24

      C.    Plaintiffs' Allegations of Discrimination Meet the Standards for Pleading
           Under Rule 8 …………………………………………………………….28

           1.    Defendants' Motion to Dismiss Is Premature And Is Due
               To Be Denied …………………………………………………….29

           2.    Plaintiffs Have Alleged Sufficient Facts To State Plausible Claims
               Of Disparate Impact and Disparate Treatment Discrimination …………32

Plaintiffs' Opposition to Defendants' Combined
Motion to Dismiss, Transfer and Strike

Winston Cooks, LLC
505 20th Street North
Suite#815
Birmingham, AL 35203

**TABLE OF CONTENTS**
**(CONTINUED)**

3.   Plaintiffs Have Standing To Bring Disparate Impact Claims
And Any Other Claims Alleged Here ……………………………………..33

D.   Defendants' Motion To Strike Plaintiffs' Class Definitions Is Due To Be
Denied ………………………………………………………………………..34

1.   Plaintiffs' Race Discrimination Class Definition Is Not
Overly Broad ………………………………………………………………35

V.   Conclusion …………………………………………………………………………36

Plaintiffs' Opposition to Defendants' Combined
Motion to Dismiss, Transfer and Strike

Winston Cooks, LLC
505 20th Street North
Suite#815
Birmingham, AL 35203

1

2

### **TABLE OF AUTHORITIES**

3

**Cases**

4

*Adobe Systems, Inc. v. My Choice Software, LLC,*

2014 WL 6346776 (N.D. Cal. 2014) ……………………………….……………20, 23

*Adoma v. Univ. of Phoenix, Inc.,* 711 F. Supp. 2d 1142, 1146 (E.D. Cal. 2010) ………………28

*Allen v. Marshall Field & Co.,* 93 F.R.D. 438, 444 (N.D. Ill. 1982) ……………………………27

*Alltrade, Inc. v. Uniweld Prod., Inc.,* 946 F.2d 622, 628 (9th Cir. 1991) …………………...27, 28

*Anderson v. CRST International, Inc.,* 2014 WL 12703419, *3 (C.D. Cal. 2014) ……………...21

*Anderson v. Unisys Corp.,* 47 F.3d 302, 308 (8th Cir.1995) ............................................................

*Anson v. Univ. of Tex. Health Science Center,* 962 F.2d 539, 541 (5th Cir.1992)………………36

*Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009)……………………………...28, 33

*Astiana v. Ben & Jerry's Homemade, Inc.,* 2011 WL 2111796, at *14–15 (N.D. Cal. 2011)…...30

*Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir.1988) …………………………29

*Bass v. Dollar Tree Stores, Inc.,* 2007 WL 2462150 *3 (N.D. Cal. 2007) ……………………...30

*Beauperthuy v. 24 Hour Fitness USA, Inc.,* 2006 WL 3422198, *3 (N.D. Cal. 2006)…………...31

*Bell Atlantic Corp. v.Twombley,* 550 U.S. 554, 570 (2007) ………………………….…...28, 33

*Cal. Dept. Toxic Substances Control v. Alco Pacific, Inc.,*

217 F.Supp.2d 1028, 1033 (C.D. Cal. 2002)………………………………………………35

*Carmichael v. Birmingham Saw Works,* 738 F.2d 1126, 1133 (11th Cir. 1984) ………………34

*CES Group, LLC v. DMG Corp.,* 2015 WL 457405 (N.D. Cal. 2015)…………………………20

*Cholakyan v. Mercedes-Benz USA, LLC,*

796 F.Supp.2d 1220, 1245 (C.D. Cal. 2011)…………………………………………...34, 35

*Church of Scientology of Cal. v. U.S. Dep't of Army,* 611 F.2d 738, 750 (9th Cir.1979) ……….26

*Cole v. Asurion Corp.,* 2008 WL 5423859, *14 (C.D. Cal. Dec. 30, 2008)……………………31

*Dillon v. Hourihane, LLP,* 2014 WL 5409040, *3 (N.D. Cal. 2014) ………………………12, 23

*Doran v. 7-Eleven, Inc.,* 524 F.3d 1034, 1039-40 (9th Cir. 2008) ………………………………33

*Ellis v. Costco Wholesale Corp.,* 372 F.Supp.2d 530 (N.D.Cal. 2005) …………………………19

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiffs' Opposition to Defendants' Combined
Motion to Dismiss, Transfer and Strike

Winston Cooks, LLC
505 20th Street North
Suite#815
Birmingham, AL 35203

**TABLE OF AUTHORITIES**
**(CONTINUED)**

*E.E.O.C. v. California Psychiatric Transitions, Inc.,*
644 F.Supp.2d 1249 (E.D. Cal. 2009)…………………………………………………36

*Espineli v. Toyota Motor Sales U.S.A., Inc.,*  2018 WL 1569570, at *3
(E.D. Cal. Mar. 30, 2018) …………………………………………………………… 28

*Ferens v. John Deere Co.,* 494 U.S. 516, 531 (1990)……………………………………23

*Foster v. Ruhrpumpen, Inc.,* 365 F.3d 1191, 1197 (10th Cir.2004) ……………………………36

*Garibaldi v. Bank of America Corp.,* 2014 WL 172284, *2 (N.D.Cal. 2014)………………29, 30

*General Retirement System of City of Detroit v. Wells Fargo Mortgage Securities 2006-AR18 Trust, et al.,* 2009 WL 2137094 (N.D.Cal. 2009) …………………………………………21, 24

*Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.,*
179 F.R.D. 264, 270 (C.D. Cal. 1998) …………………………………………………… 28

*Gilbert v. City of Richmond,* 417 F.2d 426, 432 (9th Cir. 1969)…………………………………31

*Gilbert v. General Elec. Co.,* 347 F.Supp. 1058, 1060 (E.D. Va. 1972) ……………………21, 24

*Holowecki v. Fed. Express Corp.,* 440 F.3d 558, 564 (2d Cir.2006)……………………………36

*In re American Apparel, Inc. Shareholder Litigation,*
855 F.Supp.2d 1043, 1060 (C.D. Cal. 2012) …………………………………………………12

*In re Jamster Mktg. Litig.,* 2009 WL 1456632, *7 (S.D. Cal. 2009)………………………………30

*In re NVIDIA GPU Litig.,* 2009 WL 4020104, *13 (N.D. Cal. 2009) …………………………30

*In re Wal-Mart Stores, Inc. Wage and Hour Litigation,*
505 F.Supp.2d 609, 614-15 (2007)……………………………………………………*passim*

*Investor Protector Corp. v. Vigman,* 764 F.2d 1309 (9th Cir. 1985) ……………………………24

*Johnson & Johnson Consumer Products, Inc.,* 212 F.3d 493, 506 (9th Cir. 2000)………………20

*Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir.2000)…………………………………………29

*Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992)…………………………………...34

Plaintiffs' Opposition to Defendants' Combined
Motion to Dismiss, Transfer and Strike

Winston Cooks, LLC
505 20th Street North
Suite#815
Birmingham, AL 35203

**TABLE OF AUTHORITIES**
**(CONTINUED)**

*Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F.3d 1025, 1031 (9th Cir. 2008)…………….29

*Mayberry v. International Business Machines, Corp.,*
2009 WL 1814436 (N.D.Cal. 2009) ………………………………………………………..……19

*Mediacom Southeast LLC v. BellSouth Telecommunications, Inc.,*
672 F3d 396, 400 (6th Cir. 2012)……………………………………………………………..29

*Metzler Inv. GMBH v. Corinthian Colleges, Inc.,* 540 F.#d 1049 (9th Cir. 2008) …………......10

*Moreno v. Baca,* 2000 WL 33356835, *2 (C.D. Cal. 2000)……………………………………30

*Montante v. LaHood,* 2013 WL 12184149 (S.D. Cal.2013)……………………………………19

*Moss v. U.S. Secret Serv.,* 572 F.3d 962, 972 (9th Cir. 2009) …………………………………29

*Passantino v. Johnson & Johnson Consumer Products, Inc.,*
212 F.3d 493, 505-06 (2000)…………………………………………………………....19, 22

*Perkins v. LinkedIn Corporation,* 53 F.Supp.3d 1190, 1203-04 (2014) ………………………..12

*Rescuecom Corp. v. Google, Inc.,* 562 F.3d 123, 127 (2nd Cir. 2009) …………………………29

*Richardson v. Alabama State Bd. of Educ.,* 935 F.2d 1240, 1248 (11th Cir. 1991)…………20, 21

*Ritz Camera & Image, LLC v. Sandisk Corporation,*
2013 WL 3387817, *4 (N.D.Cal. 2013)…………………………………………………………35

*Ross v. Buckeye Cellulose Corp.,* 980 F.2d 648, 654 n.13 (11th Cir. 1993)……………………19

*Sheehy v. Santa Clara Valley Transportation Auth., No.,* 2014 WL 2526968, at *3 (N.D. Cal.
June 4, 2014) …………………………………………………………………………………25

*Shein v. Canon U.S.A., Inc.,* 2009 WL 3109721, *10 (C.D. Cal. 2009)...................................... 30

*Slaby v. Holder,* 901 F.Supp.2d 129, 133 (D.D.C. 2012)………………………………………22

*Sliger v. Prospect Mortg., LLC,* 789 F.Supp.2d 1212, 1217-1219 (E.D. Cal. 2011)...………30, 31

*Stone v. First Union Corp.,* 371 F.3d 1305, 1311 (11th Cir.2004)……………………………36

*Strigliabotti v. Franklin Resources, Inc.,* 2004 WL 22682482, *3 (N.D. Cal. 2004)……….19, 24

*Swierkiewicz v. Sorema N.A.,* 534 U.S. 506 (2002) …………………………………………33

*Trafficante v. Metro. Life Ins. Co.,* 409 U.S. 205, 209 (1972)………………………………33

*Velasquez v. HSBC, Finance Corp.,* 2009 WL 112919 (N.D. Cal. 2009) ………………………35

Plaintiffs' Opposition to Defendants' Combined
Motion to Dismiss, Transfer and Strike

Winston Cooks, LLC
505 20th Street North
Suite#815
Birmingham, AL 35203

1
2

**TABLE OF AUTHORITIES**
**(CONTINUED)**

3

*Wade v. Indus. Finding Corp.,* 1992 WL 207926, at *3 (N.D.Cal. 1992)……………………….24

4

*Wallerstein v. Dole Fresh Vegetables, Inc.,* 967 F. Supp. 2d 1289, 1292 (N.D. Cal. 2013) ……26

5

*Wellens v. Daiichi Sankyo Co., Inc.,* 2013 WL 3242294, *3 (N.D. Cal. 2013) …………18, 20, 24

6

*Westby v. Lincoln Property Co.,* 2014 WL 2769068 (N.D.Cal. 2014)……………………….20, 23

7

*Wright v. Jack Hozack Co., Inc.,* 2000 WL 1721143 (D.Or. 2000) …………………………….19

8

**Statutes**

28 U.S.C. § 1404(a) ..................................................................................................... *passim*

9

42 U.S.C. § 2000e5(f)(3) ............................................................................................ *passim*

10
11

**Treatises**

12

7AA Charles Alan Wright, Arthur R. Miller & Mary K. Kane, FEDERAL PRACTICE AND

13

   PROCEDURE CIVIL § 1785.3 (3d 2005)…………………………………………………….31

14
15

**Federal Rules of Evidence**

16

Fed.R.Evid. 201(b) …………………………………………………………………………….12

17
18
19
20
21
22
23
24
25
26
27
28

Plaintiffs' Opposition to Defendants' Combined
Motion to Dismiss, Transfer and Strike

Winston Cooks, LLC
505 20th Street North
Suite#815
Birmingham, AL 35203

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' COMBINED MOTION TO (1) DISMISS OR TRANSFER FOR LACK OF PROPER VENUE; (2) DISMISS PURSUANT TO FIRST TO FILE; (3) DISMISS PURSUANT RULE 12(b)(1) and (b)(6); and (4) STRIKE CLASS ALLEGATIONS**

Plaintiffs, by and through their attorneys, hereby respond to Defendants' [HP, Inc. and Hewlett Packard Enterprise Company] Combined Motion to: (1) Dismiss or Transfer for Lack of Proper Venue; (2) Dismiss Pursuant to First to File; (3) Dismiss Pursuant to Rule 12(b)(1) and (b)(6); and (4) Strike Class Allegations as follows:

## I.    INTRODUCTION

This case challenges the discriminatory employment practices of HP, Inc. and Hewlett Packard Enterprise Company [collectively "Defendants"] as they relate to former and current African-American employees and applicants over the age of forty (40).  Plaintiffs, Enoh I. Enoh, Christopher Jackson, Derek Mobley, and William Murrell [collectively "Plaintiffs"], allege that the Defendants engaged in a demonstrable policy of race and age discrimination in hiring, promotions, and lay-offs in violation of Title VII of the Civil Rights Act of 1964 ["Title VII"], 42 U.S.C. § 1981, and the Age Discrimination in Employment Act of 1967 ["ADEA"].  [See. Doc.#30 at pgs. 2-3].

Defendants' Combined Motion seeks an order from this Court:  (1) dismissing or transferring this matter to the Northern District of Georgia for improper venue, (2) dismissing the ADEA claims of Plaintiffs under the "first to file rule"; (3) dismissing Plaintiffs' claims pursuant to Rule 12(b)(1) and (b)(6); and (4) striking Plaintiffs' class allegations on the grounds that the class definitions are temporally overbroad and exceed the statute of limitations under Section 1981 and Title VII.  [See, Doc.#35].  Defendants' Combined Motion is due to be denied because: (1) 42 U.S.C. § 2000e5(f)(3) affords the Plaintiffs' choice of forum substantial deference

regardless of whether they reside there; (2) the so called first to file rule is inapplicable to the instant facts;  and (3) the dismissal and/or striking of class allegations is premature as the practice employed in the overwhelming majority of class actions is to resolve class certification issues **only** after an appropriate period of discovery.

Moreover, Plaintiffs have described in sufficient detail their various race and age discrimination claims against Defendants, having done so with far greater specificity than is required by the notice pleading standard of Rule 8.  Accepting Plaintiffs' factual allegations as true and viewing them in the light most favorable to the Plaintiffs, as this Court must do, it becomes abundantly clear that Plaintiffs claims are cognizable, plausible and could entitle them and the class they seek to represent to relief.  Defendants' arguments otherwise are meritless.

## II.      PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS

### A.      Procedural History

Plaintiffs Enoh, Jackson, and Murrell filed the instant action on July 24, 2017, in the Northern District California against Defendants HP, Inc. and Hewlett Packard Enterprise Company.  [Doc.#1].  Plaintiffs Enoh and Jackson allege discrimination against them because of their race and age in promotions and lay-offs in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and the Age Discrimination in Employment Act of 1967.  [Doc.#1: pgs. 12-18].   Plaintiff Murrell alleges race discrimination in promotions.  [Doc.#1: pgs. 18-20]. Plaintiffs' claims were based on theories of both intentional and disparate impact discrimination. [Doc.#1].

On September 29, 2017, Plaintiffs filed a Second Amended Complaint adding Derek Mobley as a Plaintiff.  [See, Doc.#30].  Plaintiff Mobley, an applicant, asserts that the Defendants discriminated against him because of his race in hiring.  [Doc.#30: pgs. 18-20].

Winston Cooks, LLC
505 20th Street North
Suite#815
Birmingham, AL 35203

Plaintiff Mobley's claims are also based on theories of intentional and disparate impact discrimination in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. [Doc.#30].

On January 12, 2018, the Defendants filed a Combined Motion to Dismiss requesting that the Court:  (1) Dismiss or Transfer for Lack of Proper Venue; (2) Dismiss Pursuant to "First to File"; (3) Dismiss Pursuant to Rule 12(b)(1) and 12(b)(6); and (4) Strike Class Allegations.

**B.** **The Worforce Reduction Plan[1]**

In May 2012, Hewlett-Packard ("HP") launched what it termed a multi-year restructuring plan to "fuel innovation and enable investment."  [Ex. 1, HP Press Release dated May 23, 2012]. As part of this strategy, HP announced that it expected "approximately 27,000 employees" to exit the company by fiscal year 2014.  [Ex. 1, HP Press Release dated May 23, 2012].  The company proposed accomplishing this goal through the offering of "early retirement" packages. [Id.].  The "early retirement" program for U.S. employees would be based on whether the impacted individual's combined **"age and years of service"** exceeded certain levels.  [Ex. 2, Form 8-K May 23, 2012].  Attached to this pleading is a copy of the HP Workforce Reduction plan provided to Plaintiff Jackson.  [Ex.3, HP Workforce Reduction Plan].  The decision was announced and disseminated by HP from its 3000 Hanover Street, Palo Alto California address, which was the location of its principal executive offices.  [Ex. 2, Form 8-K May 23, 2012].

On October 9, 2013, during a Hewlett-Packard Securities Analyst Meeting, company President and CEO, Meg Whitman, expressed the following when discussing the next generation of IT professionals:

---

[1]  Courts can consider securities offerings and corporate disclosure documents that are publicly available. *See Metzler Inv. GMBH v. Corinthian Colleges, Inc.,* 540 F.3d 1049, 1064 n. 7 (9th Cir. 2008).

Winston Cooks, LLC
505 20th Street North
Suite#815
Birmingham, AL 35203

But I think what was embedded in that question is a question that is actually completely relevant for all large-cap IT companies, which is how do you keep up with this next generation of IT and how do you bring people into this company for whom it isn't something they have to learn, it is what they know?

\*\*\*

So, **as we think about our overall labor pyramid at Hewlett-Packard, we need to return to a labor pyramid that really looks like a triangle where you have a lot of early career people who bring a lot of knowledge who you're training to move up through your organization, and then people fall out either from a performance perspective or whatever.**

\*\*\*

And over the years, our labor pyramid doesn't look -- has become not a triangle. It's become a bit more of a diamond. And **we are working very hard to recalibrate and reshape our labor pyramid so that it looks like the more classical pyramid that you should have in any company and particularly in ES. If you don't have a whole host of young people who are learning how to do delivery or learning how to do these kinds of things, you will be in real challenges.**

\*\*\*

So, this has a couple of things. One is we get the new style of IT strength and skills. It also helps us from a cost perspective. Back to the gentlemen's question over there, is that if your labor pyramid isn't the right shape, you're carrying a lot of extra cost. The truth is we're still carrying a fair amount of extra costs across this Company because the overall labor pyramid doesn't look the way it should.

\*\*\*

Now, that's not something that changes like that. **Changing the same shape of your labor pyramid takes a couple of years, but we are on it, and we're amping up our early career hiring, our college hiring. And we put in place an informal rule to some extent which is, listen, when you are replacing someone, really**

Winston Cooks, LLC
505 20th Street North
Suite#815
Birmingham, AL 35203

**think about the new style of IT skills.** [Ex. 4, HPQ-Hewlett-Packard Securities Analyst Meeting, October 9, 2013].[2]

In an SEC filing for dated May 22, 2014, Hewlett-Packard revised its previous job elimination estimate of 34,000, stating that the number would increase by 11,000 to 16,000. [Ex. 5, Hewlett-Packard Company Form 8-K, May 22, 2014]. In October 2014, Hewlett-Packard announced its intention to split into two public companies, Hewlett Packard Enterprise ("HPE") and HP, Inc. ("HPI"). [Ex. 6, Hewlett-Packard Company Form 8-K, October 6, 2014, pg. 2]. On September 12, 2015, the Board of Directors for Hewlett-Packard approved a restructuring plan for the contemplated split and as part of it estimated that 33,000 more employees would exit by the end of fiscal year 2018, with up to 30,000 exiting HPE and approximately 3,300 exiting HP Inc. [Ex. 7, Hewlett-Packard Company Form 8-K, September 14, 2015].

On October 31, 2015 and November 1, 2015, HP, Inc. and Hewlett Packard Enterprise Company formerly came into existence. [Ex. 8, Hewlett-Packard Company Form 8-K, October 31, 2015, pg. 2]. On November 1, 2015, Meg Whitman became Charmian of HP, Inc. and CEO of Hewlett Packard Enterprise. [Ex. 8, Hewlett-Packard Company Form 8-K, October 31, 2015, Ex. , CNBC Transcript of CEO & HP Inc. Chairman Meg Whitman Interview]. During a

---

[2] Courts may consider matters that are proper subjects of judicial notice under Rule 201 of the Federal Rules of Evidence . . .as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *In re American Apparel, Inc. Shareholder Litigation,* 855 F.Supp.2d 1043, 1060 (C.D. Cal. 2012*); See Perkins v. LinkedIn Corporation,* 53 F.Supp.3d 1190, 1203-04 (2014) ("[T]he Court also may take judicial notice of matters that are either (1) generally known within the trial court's territorial jurisdiction or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed.R.Evid. 201(b). Proper subjects of judicial notice when ruling on a motion to dismiss include legislative history reports, court documents already in the public record and documents filed in other courts, and publically accessible websites. . .")(internal citations omitted); *Dillon v. Hourihane, LLP,* 2014 WL 5409040, *3 (N.D. Cal. 2014).

Plaintiffs' Opposition to Defendants' Combined
Motion to Dismiss, Transfer and Strike

Winston Cooks, LLC
505 20th Street North
Suite#815
Birmingham, AL 35203

November 2, 2015, interview with CNBC's David Faber Ms. Whitman expressed the following when questioned about job cuts:

> Faber: Still with a quarter of a million people work the company, you did announce significant job cuts about a month or so ago, when you gave - - or maybe a bit more, six weeks—when you gave us more details.  Is that going to be it for HPE?
>
> ***
>
> Whitman: That should be it.  I mean, that will allow us to right size our enterprise services business to get the right onshore/offshore mix, **to make sure that we have a labor pyramid with lots of young people coming in right out of college and graduate school and early in their careers.**  That's an important part of the future of the company.  So, it should be the last that we see.  And you know, this will take another couple of years and then we should be done.  [Ex. 9, CNBC Transcript Dated November 2, 2015].

### 1.      Plaintiff Enoh I. Enoh's Class Allegations (Race and Age)

Plaintiff Enoh I. Enoh ("Enoh"), is 58 years old African-American who began working for Hewlett-Packard in 1996 as a Customer Service Engineer.  [Doc.#30: ¶25].  Mr. Enoh possesses a BSE degree in Information Systems Engineering and lives in Baltimore, Maryland. [Id.].  After HP split into HPE and HPI in November 2015, Mr. Enoh's became an employee of HPE and his job title changed to that of Field Services Engineer.  [Doc.#30: ¶25; Enoh EEOC Charge].  Despite receiving satisfactory evaluations for most of his career, Mr. Enoh was terminated by HPE on May 26, 2017.  [Doc.#30: ¶25].

Before his termination, Mr. Enoh was part of a 14-member team of Field Services Engineers. [Doc.#30: ¶29].  Of those 14 team members, three were African-American, and Mr. Enoh was the senior team member in terms years as an HP/HPE employee and chronological age.   [Id.].   At the time of his termination Mr. Enoh's performance ratings were the same or better than most members of his team, however they were retained.  [Doc.#30: ¶37].  Mr. Enoh

Plaintiffs' Opposition to Defendants' Combined
Motion to Dismiss, Transfer and Strike

Winston Cooks, LLC
505 20th Street North
Suite#815
Birmingham, AL 35203

was informed that his separation was due to "restructuring," however to his knowledge he was the only individual on his team let go even though his performance was better or at least equal to his Caucasian and/or younger counterparts.   [Doc.#30: ¶39].  Furthermore, shortly before terminating Mr. Enoh, HPE hired 5 or 6 Caucasian and/or younger employees.  [Doc.#30: ¶38]. Mr. Enoh was required to train and mentor some of these individuals.  [Id.].

Moreover, HP, HPI, and HPE have or had very few African-Americans in positions above the District Manager level.  [Doc.#30: ¶45].  Their promotional practices have had a disparate impact on African-Americans in that it has stifled their career progression.  [Id.].  If Mr. Enoh's career had been allowed to progress without these racially discriminatory stumbling blocks, he would now have been a director level employee.  [Id.].

The Defendants also discriminated against Mr. Enoh because of his age in that until the time of his termination he had been a model employee and should not have been subject to the workforce restructuring plan.  [Doc.#30: ¶46].  Mr. Enoh was subjected to a reduction in force of one as the majority of the employees retained were younger than him.  [Doc.#30: ¶47].

### 2.    Plaintiff Christopher Jackson's Class Allegations (Race and Age)

Plaintiff Christopher Jackson ("Jackson") is a 52 year old African-American male. [Doc.#30: ¶48].  Mr. Jackson worked for Hewlett Packard from July 15, 1996 to July 18, 2016, with his last position being District Manager. [Doc.#30: ¶49].  Up until 2015, Mr. Jackson had always received satisfactory performance evaluations and his career with HP had been exemplary.  [Id.].

In 2014, Mr. Jackson became aware of the promotion of two Caucasian male employees, Mark Valan and Thomas Medforth.  [Doc.#30: ¶50].  Messrs. Valan and Medforth were promoted without the positions being posted for open-bid.  [Id.].  HP's standard practice required

Winston Cooks, LLC
505 20th Street North
Suite#815
Birmingham, AL 35203

mangers to submit a requisition for a position and then it be posted for bid by interested applicants. [Id.]. These individuals had been District Managers like Mr. Jackson and after their promotions he had to report to Mr. Medforth. [Id.].

In 2015, HP allowed Medforth to use an antiquated evaluative tool to measure the performance of District Managers. [Doc.#30: ¶51]. This evaluative tool was introduced mid-year and disproportionately graded as low the performance of African-American managers. [Id.]. Based on this evaluative tool, Mr. Jackson was rated as Partially Achieved which means that he did not meet his performance goals for the rating period. [Doc.#30: ¶53]. In November 2015, Medforth was elevated as Manager for all District Managers. [Doc.#30: ¶54]. Mr. Jackson did not get a chance to compete for this position as his low rating of that same year precluded him from applying. [Id.]. Also, at this time, Mr. Jackson became an employee of HPI.

After Medforth assumed his new role, Mr. Jackson and other African-American District Managers requested additional resources in the form of personnel to meet the demands of their territories. [Doc.#30: ¶55]. Each of their requests were denied. [Id.]. Caucasian District Managers who made the same requests received additional resources in the form of personnel. [Id.]. This caused the African-American managers to miss their production goals. [Id.]. On June 29, 2016, Mr. Jackson complained to HPI that he was being discriminated against because of his race. [Ex.,  ]. On July 18, 2016, Mr. Jackson was informed that he was being terminated. [Doc.#30: ¶56].

Mr. Jackson was informed that his separation was due to "restructuring", however, he was the only individual in his department let go even though his performance was better or at least equal to that of his Caucasian and/or younger counterparts. [Doc.#30: ¶57]. Mr. Jackson

Winston Cooks, LLC
505 20th Street North
Suite#815
Birmingham, AL 35203

personally observed that HP, HPE, and HPI has or had very few African-Americans in positions above the District Manager level. [Doc.#30: ¶60].

### 3. Plaintiff Derek L. Mobley's Class Allegations (Race)

Plaintiff Derek L. Mobley ("Mobley") is an African-American male. [Doc.#30: ¶62]. He began working for HPE in November 2016 as a contract employee. [Id.]. Mr. Mobley has Bachelor of Arts in Finance from Morehouse College, an Associates Degree in Network Systems Administration, from ITT Technical Institute, and is currently pursuing a Masters of Business Administration [Information Technology Management] from Florida Tech. [Id.]. Mr. Mobley is a resident of Atlanta, Georgia. [Ex. , ].

In November 2016, Mr. Mobley was part of a training class for Advanced Solutions Engineers. [Doc.#30: ¶63]. Mr. Mobley was the only member of his training class with a Server + Certification which was directly applicable to the job. [Id.]. This training class was made up of contract workers who were trying to gain permanent employment with HPE. [Id.]. Upon entering this training program, Mr. Mobley and the other members of the training class were informed by HP's representatives that if their performance was satisfactory they would transition to full-time employment within 4 to 6 months. [Id.].

Mr. Mobley's class was made up of approximately seventeen individuals, 14 African-Americans, two Caucasians, and one Turkish-American. [Doc.#30: ¶64]. Around April of 2017, HPE announced that they were instituting a hiring freeze. [Id.]. Later in April 2017, Mr. Mobley learned that the only remaining Caucasian contract worker in the training class was hired as a full-time employee despite the alleged hiring freeze. [Doc.#30: ¶65]. The other Caucasian contract worker had resigned. [Id.]. Mr. Mobley later inquired as to whether there were any other positions that had become "unfrozen" and was instructed to visit HP's website. [Id.]. Upon

Winston Cooks, LLC
505 20th Street North
Suite#815
Birmingham, AL 35203

visiting the website, Mr. Mobley observed approximately 15 open positions, including openings for the job he is currently performing.  [Id.].  Mr. Mobley applied for approximately 7 of these jobs, including the one he is currently performing.  [Id.].  Mr. Mobley was rejected for each of these jobs even though his performance ratings were satisfactory and there was nothing in his employment history as contract worker that would serve to disqualify him.  [Doc.#30: ¶66]. HPE in contravention of its own allegedly non-discriminatory hiring practices did not post all jobs and instead relied on a "tap on the shoulder" procedure whereby it awarded positions of higher pay and prestige to Caucasian employees.  [Doc.#30: ¶67].

### 4.   Plaintiff William Murrell's Class Allegations (Race)

Plaintiff Willaim Murrell is an African-American male.  [Doc.#30: ¶73]. In 2000 or 2001, Mr. Murrell began working for HP as a contract employee.  [Id.].  For the next 5 or 6 years, Mr. Murrell attempted to become a regular full-time employee of HP but was not successful until 2007.  [Id.].  Caucasian contract workers did not have wait this long before they became full-time employees with HP.  [Id.].  Mr. Murrell is a resident of Atlanta, Georgia.  Upon hiring on full-time with HP, Mr. Murrell's job title was Field Service Support Representative. [Doc.#30: ¶74].  Mr. Murrell has two associate degrees and a Bachelor's Degree in Business Administration.  [Id.].  In or around November 2015, Mr. Murrell began working for HPE and was re-classified as a Field Service Support Representative II.  [Doc.#30: ¶75].  As Field Service Support Representative II, Mr. Murrell performed satisfactorily and received favorable performance reviews.  [Id.].   He also served as a Senior Team Lead and in that role he was responsible for monitoring the day to day work of less senior team members. [Doc.#30: ¶75].

Around January or February 2016, Mr. Murrell was informed by his manager, Christopher Jackson [African-American] that he was being considered for a merit promotion to

Plaintiffs' Opposition to Defendants' Combined
Motion to Dismiss, Transfer and Strike

Winston Cooks, LLC
505 20th Street North
Suite#815
Birmingham, AL 35203

the position of Customer Engineer III. [Doc.#30: ¶76].     At that time, Mr. Murrell had been a Field Services Support Representative for approximately 9 years.  [Id.].  Caucasian employees who started their careers at the same time as Mr. Murrell and that were in his peer group, have advanced much faster through the company to where they are now District Managers or in other positions of higher authority, prestige and pay.  [Id.].

On January 26, 2017, Thomas Medford [Caucasian male] announced the promotion of 17 individuals.  [Doc.#30: ¶79].  Mr. Murrell was not selected for promotion instead two Caucasian junior Team Leads [Bill Howell & Robert Brown] were selected.  [Id.].    These individuals had been Team Leads for a little over a year but were promoted ahead of Mr. Murrell.  [Id.].  Mr. Murrell did not receive an interview.  [Id.].  After learning of these promotions, Mr. Murrell lodged a complaint with HPE's Human Resource department in Palo Alto, California.  [Doc.#30: ¶80].

## III.   LEGAL STANDARD

In Title VII cases 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1404(a) jointly determine whether to transfer a case to another district or division.  *Wellens v. Daiichi Sankyo Co., Inc.*, 2013 WL 3242294 (N.D.Cal. 2013).[3]  Actions arising under Title VII are subject to the special venue provision found in 42 U.S.C. § 2000e-5(f)(3), which states:

> Each United States district court and each United States court of a
> place subject to the jurisdiction of the United States shall have
> jurisdiction of actions brought under this subchapter. Such an
> action may be brought in any judicial district in the State in which
> the unlawful employment practice is alleged to have been
> committed, in the judicial district in which the employment records
> relevant to such practice are maintained and administered, or in the

---

[3]Plaintiffs' agree that Title VII's special venue provision should govern the ADEA claims.  See, Defs.' Mot. at 11.

Winston Cooks, LLC
505 20th Street North
Suite#815
Birmingham, AL 35203

judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.[4]   For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

Clearly, from its plain language, 42 U.S.C. § 2000e-5(f)(3) affords plaintiffs substantial latitude when choosing a venue to prosecute their claims and it envisions consideration of § 1404(a) when analyzing such a choice.  *Ross v. Buckeye Cellulose Corp.,* 980 F.2d 648, 654 n.13 (11th Cir. 1993); *Montante v. LaHood,* 2013 WL 12184149 (S.D. Cal. 2013); *Wellens v. Daiichi Sankyo Co., Inc.,* 2013 WL 3242294 (N.D.Cal. 2013); *Mayberry v. International Business Machines Corp.,* 2009 WL 1814436 (N.D. Cal. 2009);  *Ellis v. Costco Wholesale Corp.,* 372 F.Supp.2d 530, 536 (N.D.Cal.2005), overruled in part on other grounds by *Ellis v. Costco Wholesale Corp.,* 657 F.3d 970, 988 (9th Cir.2011);  *Wright v. Jack Hozack Co., Inc.,* 2000 WL 1721143, *2-4 (D.Or. 2000).

28 U.S.C. § 1404(a) places the burden on the moving party to show that the balance of convenience clearly favors transfer."  *Strigliabotti v. Franklin Resources, Inc.,* 2004 WL 22682482, *3 (N.D. Cal. 2004)(internal citations omitted). In determining whether a case should be transferred, courts in the Ninth Circuit consider the following factors:  (1) relative ease of access to sources of proof; (2) availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; (3) possibility of view of premises, if

---

[4] "Title VII authorizes suit "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed" as well as in the district where employment records are kept, in the district where the plaintiff would have worked but for the alleged unlawful practice, and, if those provisions fail to provide a forum, in the district where the defendant keeps its principal office."  *Passantino v. Johnson Consumer Products, Inc.,* 212 F.3d 493, 504 (9th Cir. 2000).

Winston Cooks, LLC
505 20th Street North
Suite#815
Birmingham, AL 35203

view would be appropriate to the action: and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.  *CES Group, LLC v. DMG Corp.,* 2015 WL 457405 (N.D. Cal. 2015); *Westby v. Lincoln Property,* 2014 WL 2769068, *3 (N.D. Cal. 2014); *Adobe Systems Inc. v. My Choice Software, LLC,* 2014 WL 6346776 (N.D. Cal. 2014).  Moreover, "the Ninth Circuit has gone further, holding that "[t]he defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."  *Westby,* at *3.

## IV.   ARGUMENT

### A.   Plaintiffs' Choice Of Forum Is Entitled To Substantial Deference In A Title VII Case

The Ninth Circuit has held that:

> "Title VII's venue provision obviously **contemplates the possibility that several districts could provide an appropriate venue for the same action.** For example, a company could keep business records in an office located in one judicial district, but engage in discriminatory hiring practices at a different office in another district. An action could properly be brought in either district. See 42 U.S.C. § 2000e–5(f)(3)."

> ***

> "Thus, **we hold that venue is proper in both the forum where the employment decision is made and the forum in which that decision is implemented or its effects are felt.** *Passantino v. Johnson & Johnson Consumer Products, Inc.,* 212 F.3d 493, 506 (9th Cir. 2000)."

Accordingly, "unless the balance of factors is strongly in favor of the defendants, the plaintiff's choice of forum should rarely be disturbed . . . [c]ongress expanded the available fora to plaintiffs grieving civil rights violations, thereby expressing intent to broaden a Title VII plaintiff's choice of forum.".  *Wellens v. Daiichi Sankyo Co., Inc.,* 2013 WL 3242294, *3 (N.D. Cal. 2013)(internal citations omitted).  Thus, whether a plaintiff lives or works within a district in not dispositive as to where a cause of action may be brought.  *See Richardson v. Alabama State*

Plaintiffs' Opposition to Defendants' Combined
Motion to Dismiss, Transfer and Strike

Winston Cooks, LLC
505 20th Street North
Suite#815
Birmingham, AL 35203

*Bd. of Educ.,* 935 F.2d 1240, 1248 (11th Cir. 1991) (venue appropriate despite the fact that plaintiff did not work or live in district).

Additionally, under Title VII's special venue provision, deference to a plaintiff's choice of forum is not diminished by the assertion of class claims:

> "given Title VII's "broad provision of alternative forums ... support[ing] the desire of Congress to afford citizens full and easy redress of civil rights grievances," *Passantino,* 212 F.3d at 504 (citation and quotation marks omitted), the Court finds that Anderson's choice of forum should nonetheless be given considerable deference, See *Ellis,* 372 F. Supp. 2d at 537 ("[P]laintiff's choice is entitled to greater deference as a matter of law, even where that case is brought as a class action."); *Wellens v. Daiichi Sankyo Co., Inc.,* No. C 13–00581 CW, 2013 WL 3242294, at *3 (N.D. Cal. June 25, 2013) ("Plaintiffs' claims arise under Title VII, which is governed by a more permissive standard of evaluation that applies deference in class action suits as well as individual actions.").

See*, Anderson v. CRST International, Inc.,* 2014 WL 12703419, *3 (C.D. Cal. 2014); *General Retirement System of City of Detroit v. Wells Fargo Mortgage Securities 2006–AR18 Trust, et. al .,* 2009 WL 2137094, *4 (N.D. Cal. 2009); *Gilbert v. General Elect. Co.,* 347 F.Supp. 1058, 1060 (E.D. Va. 1972).[5]  Defendants contest venue on three grounds: (1) Plaintiffs did not work in the district; (2) the alleged unlawful employment practices occurred outside of California; and (3) Plaintiffs' employment records are not located in any particular state, including California. None of these reasons, taken collectively or individually, merit transfer to another venue.

---

[5]  "The broad latitude given by the statute is particularly engaging when taken in conjunction with class actions.  Such actions, which are particularly appropriate and plentiful under Title VII, are often of interstate or intrastate character, stretching in geographical impact beyond the limits of particular divisions of state districts."  *Gilbert v. General Elec. Co.,* 347 F.Supp. 1058, 1060 (E.D. Va. 1972).

Winston Cooks, LLC
505 20th Street North
Suite#815
Birmingham, AL 35203

### 1.     Venue is Proper in The Northern District of California

First, whether the Plaintiffs worked in the district is not dispositive of the issue of proper venue.  In *Passantino v. Johnson & Johnson Consumer Products, Inc.,* 212 F.3d 493, 505-06 (2000), the Ninth Circuit interpreting the breadth of 42 U.S.C. § 2000e-5(f)(3) held that, **"venue is proper in both the forum where the employment decision is made and the forum in which that decision is implemented or its effects are felt."**  Here, it is indisputable that HP initiated the Workforce Restructuring Plan in May 2012.  It is equally indisputable that CEO Meg Whitman occupied senior leadership position with HP, HPI, and HPE for all time periods relevant to this lawsuit in that she was the CEO of HP prior to the split, and became the Chair of HPI's Board of Directors and the CEO of HPE after.  On numerous occasions since the 2012 announcement, Ms. Whitman publicly expressed her desire to make the newly formed HP entities younger by making sure that [they had] **"a labor pyramid with lots of young people coming in right out of college and graduate school and early in their careers."**  This overarching plan to get rid of older workers originated at HP headquarters located in Palo Alto, California and the effects of its implementation were felt nationwide, i.e. by Plaintiff Enoh in Maryland and by Plaintiff Jackson in Georgia.

The Defendants tacitly admit as much, but unsuccessfully try to minimize these indisputable facts by relying on a District of Columbia case whose holding flies in the face of Ninth Circuit case law.  Compare, *Passantino v. Johnson & Johnson Consumer Products, Inc.,* 212 F.3d 493, 505-06 (2000)(holding that venue is proper in both the forum where the employment decision is made and the forum in which that decision is implemented or its effects are felt) with *Slaby v. Holder,* 901 F.Supp.2d 129, 133 (D.D.C. 2012) (holding that where the final decision was made is the proper venue to bring case).  When viewed through the right lens

Plaintiffs' Opposition to Defendants' Combined
Motion to Dismiss, Transfer and Strike

Winston Cooks, LLC
505 20th Street North
Suite#815
Birmingham, AL 35203

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

it becomes clear that venue for the Plaintiffs' age claims properly rests in the Northern District of California.  What is more, the Plaintiffs' race claims should also be litigated here as their transfer to a different venue does not serve the interest of justice and is a needless duplication of actions. *Ferens v. John Deere Co.,* 494 U.S. 516, 531 (1990) ("We have made quite clear that "[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money . . .").

### 2.      The Location of Employment Records Supports Venue in California

Furthermore, even if the employment records are electronically accessible in multiple districts, the Northern District of California is the proper venue under 42 U.S.C. § 2000e-5(f)(3) because, if nothing more, the person(s) responsible for overseeing the human resources function are located here and the employment records, policies, and procedures were created and maintained there.  [Doc.#30: ¶5].  Moreover, Defendants have presented no facts to dispute that relevant employment records are not located in the Northern District of California.  By its plain language, 42 U.S.C. § 2000e-5(f)(3) states that venue is proper, "in the judicial district in which the employment records relevant to such practice are maintained and administered." The statute does not limit itself to the Plaintiffs' personnel files.

### 3.      28 U.S.C. § 1404(a)

Section 1404(a) of Title 28 permits a court to transfer a case to another venue only when the convenience to both parties of litigating in the transferee forum outweighs the deference paid to the plaintiff's choice of forum.  See, *Westby v. Lincoln Property Co.,* 2014 WL 2769068 (N.D.Cal. 2014); *Adobe Systems Incorporated v. My Choice Software, LLC,* 2014 WL 6346776 (N.D.Cal. 2014); *Dillon v. Murphy & Hourihane, LLP,* 2014 WL 5409040 (N.D.Cal. 2014);

Winston Cooks, LLC
505 20th Street North
Suite#815
Birmingham, AL 35203

1  *Wellens v. Daiichi Sankyo, Inc.,* 2013 WL 3242294 (N.D.Cal. 2013); *Strigliabotti v. Franklin*

2  *Resources, Inc.,* 2004 WL 22682482, *3 (N.D.Cal. 2004).

3      Representative plaintiffs' choice of venue in a class action is entitled to some weight,

4  especially when there is "significant connection" between the alleged conduct and the forum.[6]

5  *Wade v. Indus. Finding Corp.,* 1992 WL 207926, at *3 (N.D.Cal. 1992), *Sec. Investor Protector*

6  *Corp. v. Vigman,* 764 F.2d 1309 (9th Cir. 1985).   In *Strigliabotti*, Judge Illston ruled against

7  transferring plaintiffs' class action derivative suit despite the fact that none of the plaintiffs lived

8  in the Northern District of California.  2004 WL 22682482 *3.  Judge Illston gave weight to the

9  plaintiffs' choice of forum's connection with the activities alleged.  *Id.* at *4.  In the context of

10  Title VII, greater weight must be given to a plaintiff's choice of forum.   See, *Gilbert,* 347

11  F.Supp. at 1060.

12      **B.     FIRST TO FILE RULE DOES NOT REQUIRE SPLITTING OFF ADEA
           CLAIMS FOR SEPARATE LITIGATION**

13      Citing the administratively closed Northern District of California case, *Forsyth et al v.*

14  *HP INC. and Hewlett Packard Enterprise Company,* 5:16-CV-004775-EJD and a First to File

15  rule, defendants propose to complicate matters by combining Jackson and Enoh's ADEA claims

16  with the *Forsyth* case.[7]   HP, Inc. & HPE proposal multiplies the litigation in requiring the

17  plaintiffs to pursue their ADEA claims in a separate lawsuit.  Defendants' plan is the exact

18  opposite of Rule 1 of Federal Rules of Civil Procedure requirement of a "just, speedy and

19  inexpensive determination of every action."

20

21

22

23

24  [6]*General Retirement System of City of Detroit v. Wells Fargo Mortgage Backed Securities  2006–AR18 Trust, et. al.,*
25  2009 WL 2137094, *4 (N.D.Cal. 2009).
   [7] All the hoopla HP and HPE raise over improper venue does not apply to the plaintiffs' ADEA claims, the
26  defendants want to add their ADEA claims to the closed <u>Forsyth</u> case filed in this very district.

27

Plaintiffs' Opposition to Defendants' Combined
Motion to Dismiss, Transfer and Strike

28  Winston Cooks, LLC
   505 20th Street North
   Suite#815
   Birmingham, AL 35203

Another Court in this district has expressed skepticism about forcing parties into an arranged marriage with counsel not of their choosing. See *Sheehy v. Santa Clara Valley Transportation Auth.*, No. 5:14-CV-01325-PSG, 2014 WL 2526968, at *3 (N.D. Cal. June 4, 2014), ("The court also remains troubled about abrogating Sheehy's right to due process: Sheehy has his own FLSA claims and should not be compelled by the undersigned against his will to opt into a case and to potentially accept counsel not of his choosing.")

Moreover, the First to File rule is inapplicable as Jackson and Enoh's claims are not the same or substantially similar to the Forsyth plaintiffs age only claims. Jackson and Enoh allege race discrimination as well as age discrimination.[8]  While both cases concern HP and HPE shedding itself of thousands of employees, no allegations of race discrimination are filed in the *Forsyth* case.  With no race claims previously on file are on file, the plaintiffs here are the first to file.

The *Forsyth* case has been stayed and administratively closed since September 20, 2017, an unmentioned detail in the defendants' Jackson filing.[9]  The *Forsyth* case includes plaintiffs who signed arbitration agreements as part of a Waiver and General Release Agreement severance package and employees who did not sign such agreements.  The *Forsyth* Court stayed the case for all former employees while the arbitration issues are addressed.[10]

---

[8] Jackson et al v. HP Inc. and Hewlett Packard Enterprises, Doc. 35  See Doc. 30, pg.23-24.

[9] Compare *Forsyth et al v. HP Inc. and Hewlett Packard Enterprise Company* 5:16-cv-04775, Doc. 132, Order administratively closing the case v. *Jackson et al v. v. HP Inc. and Hewlett Packard Enterprise Company* 5:17-CV-042212, Doc. 35.

[10] *Forsyth et al v. HP Inc. and Hewlett Packard Enterprise Company* 5:16-cv-04775, Doc 152, Order Granting the Defendants' Motion to Stay.

Plaintiffs' Opposition to Defendants' Combined
Motion to Dismiss, Transfer and Strike

Winston Cooks, LLC
505 20th Street North
Suite#815
Birmingham, AL 35203

Jackson, and Enoh did not sign release agreements containing arbitration clauses.  In multiple filings HP repeatedly chastises Forsyth's counsel for causing delay and confusion by combining the ex-employees who signed release agreements containing arbitration clauses with former employees that did not sign.[11]  Ignoring their well-honed arguments on the nightmare of combining former employees who signed arbitration agreements with ex-employees who did not sign, HP & HPE insists that the strategy is now appropriate for Jackson and Enoh who never signed arbitration agreements.

Given the dissimilarity of the issues and the different procedural posture, forced consolidation is unwarranted.   Traditionally, the First to File Rule, "….is primarily meant to alleviate the burden placed on the federal judiciary by duplicative litigation and to prevent the possibility of conflicting judgments."  *Wallerstein v. Dole Fresh Vegetables, Inc.,* 967 F. Supp. 2d 1289, 1292 (N.D. Cal. 2013) citing *Church of Scientology of Cal. v. U.S. Dep't of Army,* 611 F.2d 738, 750 (9th Cir.1979) (citations omitted).  Here, defendants' proposal multiplies the litigation.

---

[11] *Forsyth et al v. HP Inc. and Hewlett Packard Enterprise Company* 5:16-cv-04775, Doc. 140, pg. 6, regarding the stay, HP writes, "…..plaintiffs should not now be heard to complain about the unsurprising outcome of their decision to litigate and aggregate the claims of dissimilar individuals simply because their strategy backfired."; And this is the strategy defendants seek to force-feed Jackson and Enoh.  See also Doc. 150, pg.  4, Defendants Reply Brief in Support of Defendants' Motion to Stay Pending Resolution of the Individual Arbitrations, Motion to Dismiss, "Plaintiffs do not seriously dispute that the confusion and conflicts resulting from inclusion of both Arbitration and Non-Arbitration Plaintiffs in the putative class action and collective action here is a problem of the Plaintiffs' own creation and litigation design by their active pursuit of intertwining claims on behalf of two groups."

Winston Cooks, LLC
505 20th Street North
Suite#815
Birmingham, AL 35203

"First to File Rule" court decisions emphasize that the rule is completely discretionary.

*Alltrade, Inc. v. Uniweld Prod., Inc.,* 946 F.2d 622, 628 (9th Cir. 1991), "The most basic aspect

of the first-to-file rule is that it is discretionary; "an ample degree of discretion, appropriate for

disciplined and experienced judges, must be left to the lower courts." *Kerotest,* 342 U.S. at 183-

184, 72 S.Ct. at 221; *see also Pacesetter,* 678 F.2d at 95."

In applying the "First to File" rule, a court looks to three threshold factors: "(1) the

chronology of the two actions; (2) the similarity of the parties, and (3) the similarity of the

issues." *Alltrade,* 946 F.2d at 625–26.

No dispute exists that the *Forsyth* case was filed in federal court earlier.[12]  However, the

*Forsyth* case has stalled while arbitration issues are addressed and administratively closed.

Although the defendants are the same, the plaintiffs raise and similar different claims.   No race

allegation is raised in the *Forsyth* case.  No ADEA class notice has been issued to class

members.  The statute of limitations will continue to run until a notice is issued.  Given that

corporate restructurings continue to occur and the other action is stayed, the already effected and

yet to be discharged need to be notified of their rights regarding the prohibition of age

discrimination.  A*llen v. Marshall Field & Co.,* 93 F.R.D. 438, 444 (N.D. Ill. 1982) (Allegations

---

[12]  *Forsyth et al v. HP Inc and Hewlett Packard Enterprise Company* 5:16-cv-04775-EJD, Doc. 1 filed 8/8/2016.
*Jackson at al v. HP Inc. and Hewlett Packard Enterprise Company* 5:17-Cv-04212-BLF, Doc. 1 filed 7/24/2017

Plaintiffs' Opposition to Defendants' Combined
Motion to Dismiss, Transfer and Strike

Winston Cooks, LLC
505 20th Street North
Suite#815
Birmingham, AL 35203

of a companywide plan to rid itself of older employees requires sending the notice of rights to current and former employees).

Far from iron clad, the "First to File" rule is subject to exceptions.  See *Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1146 (E.D. Cal. 2010). ("The district court retains the discretion, however, to disregard the first-to-file rule in the interests of equity.) see also *Espineli v. Toyota Motor Sales U.S.A., Inc.*, No. 217CV00698KJMCKD, 2018 WL 1569570, at *3 (E.D. Cal. Mar. 30, 2018) "Even if the requirements of the first-to-file rule are satisfied, "[t]he doctrine is discretionary and, accordingly, the court may disregard it in the interests of equity. *Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1149 (E.D. Cal. 2010). Fairness considerations and equitable concerns can bar application of the rule, *Alltrade*, 946 F.2d at 628, and in any event inform the court's decision."; *Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.,* 179 F.R.D. 264, 270 (C.D. Cal. 1998)(Efficiency considerations impact whether to apply the first to file rule).

The *Forsyth* case is in arbitration and not moving forward in any meaningful sense for the employees who refused to sign arbitration agreements.  Requiring Jackson and Enoh, over their objections, to participate in a closed case is the inequitable application of the "First to File Rule".

## C.     Plaintiffs' Allegations of Discrimination Meet the Standards for Pleading Under Rule 8

Pursuant to Rule 12(b)(6), a plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v.Twombley,* 550 U.S. 554, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S.

Plaintiffs' Opposition to Defendants' Combined
Motion to Dismiss, Transfer and Strike

Winston Cooks, LLC
505 20th Street North
Suite#815
Birmingham, AL 35203

662, 129 S. Ct. 1937, 1949 (2009). In considering the motion a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe [s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F.3d 1025, 1031 (9th Cir. 2008); *Rescuecom Corp. v. Google, Inc.,* 562 F.3d 123, 127 (2nd Cir. 2009) (the court must "accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally."); *Mediacom Southeast LLC v. BellSouth Telecommunications, Inc.,* 672 F3d 396, 400 (6th Cir. 2012).  A Rule 12(b)(6) dismissal is proper only where there is either a "lack of a cognizable legal theory," or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir.1988).

"If the Court dismisses a complaint, it must decide whether to grant leave to amend." *Garibaldi v. Bank of America Corp.,* 2014 WL 172284, *2 (N.D.Cal. 2014). "Dismissal without leave to amend is improper unless it is clear . . . the complaint could not be saved by any amendment."  *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 972 (9th Cir. 2009); Fed. R. Civ. P. 15(a)(2).  "[R]equests for leave to amend should be granted with "extreme liberality." *Moss,* 572 F.3d at 972; *Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir.2000)("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.").

### 1.     Defendants' Motion To Dismiss Is Premature And is Due To Be Denied.

Here, to avoid class discovery, Defendants improperly suggest a pleading standard that would require detailed proof of every claim in the Complaint, and not just the factual allegations; which is a standard no Plaintiff could ever hope to meet without some discovery.  Federal courts

Plaintiffs' Opposition to Defendants' Combined
Motion to Dismiss, Transfer and Strike

Winston Cooks, LLC
505 20th Street North
Suite#815
Birmingham, AL 35203

in California, including the Northern District, have not adopted the pleading standard asserted by the Defendants.

Indeed, numerous California District Courts have held that, "the granting of motions to dismiss class allegations before discovery has commenced is rare." *In re Wal-Mart Stores, Inc. Wage and Hour Litigation,* 505 F.Supp.2d 609, 615 (2007) ("[D]ismissal of class allegations at the pleading stage should be done rarely and that the better course is to deny such a motion because 'the shape and form of a class action evolves only through the process of discovery.' "); *Astiana v. Ben & Jerry's Homemade, Inc.,* No. C 10-4387 PJH, 2011 WL 2111796, at *14–15 (N.D. Cal. May 26, 2011); *Garibaldi v. Bank of America Corp.,* 2014 WL 172284, *8 (N.D.Cal. 2014); *Sliger v. Prospect Mortg., LLC,* 789 F.Supp.2d 1212, 1217-1219 (E.D. Cal. 2011); *Bass v. Dollar Tree Stores, Inc.,* 2007 WL 2462150 *3 (N.D. Cal. 2007)("Defendant's arguments regarding the propriety of the class allegations are premature. Accordingly, the Court denies Defendant's motion to strike or dismiss the class allegations at this procedural stage"); *Moreno v. Baca,* 2000 WL 33356835, *2 (C.D. Cal. 2000) (holding that defendants' motion to strike class allegations was premature because no motion for class certification had been filed); *In re NVIDIA GPU Litig.,* 2009 WL 4020104, *13 (N.D. Cal. 2009) ("A determination of the ascertainability and manageability of the putative class in light of the class allegations is best addressed at the class certification stage of the litigation"); *Shein v. Canon U.S.A., Inc.,* 2009 WL 3109721, *10 (C.D. Cal. 2009) ("The Court finds that these matters are more properly decided on a motion for class certification, after the parties have had an opportunity to conduct class discovery and develop a record"); *In re Jamster Mktg. Litig.,* 2009 WL 1456632, *7 (S.D. Cal. 2009) ("Even though the arguments of [the defendant] may ultimately prove persuasive, the court declines to address issues of class certification at the present time. Piece-meal resolution of

Plaintiffs' Opposition to Defendants' Combined
Motion to Dismiss, Transfer and Strike

Winston Cooks, LLC
505 20th Street North
Suite#815
Birmingham, AL 35203

issues related to the prerequisites for maintaining a class action do not serve the best interests of the court or parties"); *Beauperthuy v. 24 Hour Fitness USA, Inc.,* 2006 WL 3422198, *3 (N.D. Cal. 2006) (finding that a motion to strike class allegations from a complaint "is an improper attempt to argue against class certification before the motion for class certification has been made and while discovery regarding class certification is not yet complete"); *Cole v. Asurion Corp.,* 2008 WL 5423859, *14 (C.D. Cal. Dec. 30, 2008) ("Undoubtedly, addressing these arguments at a later date will require additional time and expense on the part of the defendants. But the Court is reluctant to preemptively deny Plaintiff at least the opportunity to present a motion for class certification"); see also, 7AA Charles Alan Wright, Arthur R. Miller & Mary K. Kane, FEDERAL PRACTICE AND PROCEDURE CIVIL § 1785.3 (3d 2005) (noting that the practice employed in the overwhelming majority of class actions is to resolve class certification only after an appropriate period of discovery).

Thus, a court should not grant a Rule 12(b)(6) motion based on arguments that would limit or defeat class certification under Rule 23, because any such analysis is more properly done on a motion for class certification. *Gilbert v. City of Richmond,* 417 F.2d 426, 432 (9th Cir. 1969)("compliance  with Rule 23 is not to be tested by a motion to dismiss for failure to state a claim.").  Courts also should not grant a Rule 12(b)(6) motion simply because the complaint fails to plead specific facts about individual putative class members. *Sliger v. Prospect Mortg., LLC,* 789 F.Supp.2d 1212, 1217-1219 (E.D. Cal. 2011)(denying 12(b)(6) motion to dismiss putative class members' claims based on complaint's "overly broad" definition of the class because "the procedure urged by the defendant threatens a determination on the merits" that was inappropriate prior to class certification).   Defendants acknowledge as much here as most of the class cases

Winston Cooks, LLC
505 20th Street North
Suite#815
Birmingham, AL 35203

they cite in support of their arguments against Plaintiffs' disparate impact claims were decided at the class certification stage of the litigation.

### 2.   Plaintiffs Have Alleged Sufficient Facts to State Plausible Claims of Disparate Impact and Disparate Treatment Discrimination.

Plaintiffs have more than satisfied the requirements of *Iqbal* and *Twombly*, alleging enough facts to state a claim to relief that is plausible on its face.  Further, materials attached to this response and the Plaintiffs' allegations raise a reasonable expectation that discovery will reveal evidence of the necessary elements of Plaintiffs' claims.  Nevertheless, Defendants do their best to create a new pleading standard which is not supported by *Iqbal* or *Twombly*.  As stated before, the Defendants attempt to accomplish this by citing cases where the Plaintiffs were afforded what they are trying to deny the Plaintiffs here, the opportunity for discovery.

Plaintiffs Enoh, Jackson, Murrell and Mobley clearly set forth allegations, if proven, support disparate impact and disparate treatment claims.  They describe a decision-making process that allowed an overwhelming Caucasian group of selectors to use a "hazy" selection process for its employment decisions.  [Doc.#30: ¶2(b)].  Plaintiffs further allege that, "these processes disparately impacted African-American employees because they allow subjectivity and favoritism to influence employment decisions.  Because of this, the decision-makers [were] free to exercise their discretion in an unguided, subjective manner that provides a ready mechanism for Caucasians to vent discriminatory feelings upon African-American employees." [Id.].  In addition, Plaintiffs point out that the Defendants does not post all job and instead relied on a "tap on the shoulder" procedure to award positions.  [Id.].  Similarly, with regard to intentional discrimination, Plaintiffs paint a picture of being denied higher paying jobs and being discouraged from seeking higher paying positions. [Doc.#30: ¶2(a)].  Finally, materials attached to this response unequivocally outline Defendants' plan to rid itself of older employees by

32

Winston Cooks, LLC
505 20th Street North
Suite#815
Birmingham, AL 35203

"restructuring" and implementation of the "Workforce Reduction Plan".  Plaintiffs provide vivid

details of these practices at work in their individual allegations, wherein they describe denials of

career advancement, denials of promotions, denials of hiring opportunities, and discrimination in

lay-offs on the basis of race and/or age.  [See, Doc.#30:  ¶¶25-84].  Discovery will determine the

viability of these claims.

Defendants wrongly want to put Plaintiffs' allegations to the test at the motion to dismiss

stage without the benefit of any discovery.  *Twombly* and *Iqbal* do not countenance such, and

neither should this court.  *Twombly* and *Iqbal* do not impose a probability requirement at the

pleading stage.  *Twombly,* 127 S.Ct. at 1965.  *Twombly* and *Iqbal* require only that there are

plausible grounds from which to infer wrongdoing and instructs that determining plausibility is

"a context-specific task that requires the reviewing court to draw on its judicial experience and

common sense."  Iqbal, 556 U.S. at 679.  Indeed, if the Defendants' pleading standard were

adopted there would be no need for discovery as the Plaintiffs would have everything they need

to proceed to class certification.  Furthermore, as the Supreme Court has held, to survive a

motion to dismiss under Rule 12(b)(6), a complaint alleging [race] discrimination need only aver

that employer instituted an adverse employment action against the plaintiff on the basis of the

plaintiff's race, as it is unnecessary to plead facts that prove intent and causation.  *Swierkiewicz*

*v. Sorema N.A.,* 534 U.S. 506, 511 (2002).  Thus, it must be held that Plaintiffs have sufficiently

plead disparate impact and disparate treatment claims.

**3.      Plaintiffs' Have Standing to Bring Disparate Impact Claims And Any Other Claims Alleged Here.**

The Supreme Court has instructed courts "to take a broad view of constitutional standing

in civil rights cases . . .".  *Doran v. 7-Eleven, Inc.,* 524 F.3d 1034, 1039-40 (9th Cir. 2008);

*Trafficante v. Metro. Life Ins. Co.,* 409 U.S. 205, 209 (1972) ("the Civil Rights Act of 1964, 42

Plaintiffs' Opposition to Defendants' Combined
Motion to Dismiss, Transfer and Strike

Winston Cooks, LLC
505 20th Street North
Suite#815
Birmingham, AL 35203

U.S.C. s 2000e—5(a), showed . . . 'a congressional intention to define standing as broadly as is permitted by Article III of the Constitution').   To have standing, Plaintiffs must establish (1) they suffered an "injury in fact" to a legally protected interest, (2) a causal connection between the injury and the defendant's conduct, and (3) the injury will be redressed by a favorable decision.  *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992).

Here, Plaintiffs have sufficiently stated claims of disparate impact/disparate treatment.  It is indisputable that the Workforce Reduction Plan was implemented in 2012 and continued to at least 2017.   Moreover, the race discrimination allegations also span the applicable statute applicable as there has been no evidence or arguments presented that their respective EEOC charges were untimely.  Also, on each of their EEOC charges the Plaintiffs allege that HPI and HPE were their employers.  [See, Attachments A-D to Doc.#35-2].   Thus, the Plaintiffs have standing.[13]

### D.   Defendants' Motion To Strike Plaintiffs' Class Definitions Is Due to Be Denied

Under Rule 12(f), a court "may order stricken from any pleading . . .any redundant, immaterial, impertinent or scandalous matter."   *In re Wal-Mart Stores, Inc. Wage and Hour Litigation,* 505 F.Supp.2d 609, 615 (2007).  Immaterial matter is defined as "that which has no essential or important relationship to the claim for relief or the defenses being placed." *Cholakyan v. Mercedes-Benz USA, LLC,* 796 F.Supp.2d 1220, 1245 (C.D. Cal. 2011).  Motions

---

[13]Plaintiff Christopher Jackson's Title VII claims should not be dismissed until discovery ferrets out what promotions he may have been denied, of which he was unaware because of Defendants not posting all open positions. *Carmichael v. Birmingham Saw Works,* 738 F.2d 1126, 1133 (11th Cir. 1984) ("The defendant used no formal procedures for posting notice of available promotions or for determining who would be offered the promotion. Instead, the company relied on "word of mouth" and informal review procedures. We have recognized that such subjective procedures can lead to racial discrimination, both because important information may be available only to whites and because such procedures place no check on individual biases.").

Plaintiffs' Opposition to Defendants' Combined
Motion to Dismiss, Transfer and Strike

Winston Cooks, LLC
505 20th Street North
Suite#815
Birmingham, AL 35203

to strike, however, are generally disfavored and rarely granted.  See, e.g., *Ritz Camera & Image, LLC v. Sandisk Corporation,* 2013 WL 3387817, *4 (N.D.Cal. 2013); *Velasquez v. HSBC Finance Corp.,* 2009 WL 112919 (N.D.Cal. 2009); *Cal. Dept. Toxic Substances Control v. Alco Pacific, Inc.,* 217 F.Supp.2d 1028, 1033 (C.D. Cal. 2002); *In re Wal-Mart Stores,* 505 F.Supp.2d at 614.  "Any doubt concerning the import of the allegations to be stricken weighs in the favor of denying the motion to strike."  *In re Wal-Mart Stores, Inc. Wage and Hour Litigation,* 505 F.Supp.2d 609, 614 (2007).

Further, courts generally deem Rule 12(b)(6) and Rule 23(d)(1)(D) motions to strike class allegations at the pleading stage, prior to a motion for class certification and class related discovery, to be premature, and they rarely grant such motions.  (See, case cited in Section C(1) *supra*).  Courts within this circuit routinely deny 12(b)(6) motions to dismiss putative class members' claims even where the "class definitions are suspicious and may in fact be improper" because "the shape and form of a class action evolves only through the process of discovery."  *In re Wal-Mart Stores, Inc. Wage and Hour Litigation,* 505 F.Supp.2d 609, 615-616 (2007).   For this same reason, courts within this circuit routinely deny Rule 12(f) motions to strike where class discovery is incomplete or has not even started, as is the case here.  See, *Cholakyan,* 796 F.Supp.2d at 1245.  Therefore, the appropriate procedural tool for assessing class allegations is a motion for class certification.  Id. at 1245-46, *In re Wal-Mart Stores, Inc. Wage and Hour Litigation,* 505 F.Supp.2d 609, 614-15 (2007)(citing *Moreno v. Baca,* 2000 WL 33356835, at *2(C.D.Cal. 2000).

1.   **Plaintiffs' Race Discrimination Class Definition is Not Overly Broad.**

Once Plaintiff Jackson filed his timely charges of discrimination on behalf of himself and any other similarly situated individuals there was sufficient jurisdictional foundation to bring a

Winston Cooks, LLC
505 20th Street North
Suite#815
Birmingham, AL 35203

suit on his behalf.  "This is known as the "single filing" rule or "piggybacking." *Holowecki v.*

*Fed. Express Corp.,* 440 F.3d 558, 564 (2d Cir.2006). Although the Ninth Circuit has not

specifically addressed the issue, the single filing rule has been applied under various

circumstances by the Second, Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits. See

*Anson v. Univ. of Tex. Health Science Center,* 962 F.2d 539, 541 (5th Cir.1992) (The single

filing rule is "universally [held]."); *Foster v. Ruhrpumpen, Inc.,* 365 F.3d 1191, 1197 (10th

Cir.2004); *Anderson v. Unisys Corp.,* 47 F.3d 302, 308 (8th Cir.1995). Most courts have adopted

a test requiring only that the timely exhausted claims and the non-exhausted claims arise out of

the same circumstances and occur within the same general time frame. See e.g., *Stone v. First*

*Union Corp.,* 371 F.3d 1305, 1311 (11th Cir.2004)." *E.E.O.C. v. California Psychiatric*

*Transitions, Inc.,* 644 F.Supp.2d 1249, 1265 (E.D. Cal. 2009).  "A charge will be adequate to

support piggybacking under the single filing rule if it contains sufficient information to notify

prospective defendants of their potential liability . . . *Id.* at 1265.

Thus, any African-American/black employees were subjected to the Defendants

discriminatory policies during the  relevant time period were not required to submit their own

individual charges of discrimination with the EEOC.  Therefore, Defendants' motion is due to be

denied in this regard as well.

## V.    CONCLUSION

Based on the facts, arguments and citations of authority set forth above, the Defendants'

Combined Motion is due to be denied in its entirety.

Respectfully submitted,

/s/Roderick T. Cooks
Roderick T. Cooks
Attorney for the Plaintiffs and the
Proposed Classes

Winston Cooks, LLC
505 20th Street North
Suite#815
Birmingham, AL 35203

**OF COUNSEL:**
Lee D. Winston
lwinston@winstoncooks.com
Roderick T. Cooks
rcooks@winstoncooks.com
Winston Cooks, LLC
505 20th Street North
Suite#815
Birmingham, AL 35203
Telephone:     (205) 502-0970
Facsimile:      (205) 278-5876

Jay Greene
jay@jaygreenelawfirm.com
The Greene Law Firm
595 Market Street
Suite 680
San Francisco, CA 94105
Telephone:     (415) 905-0215

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing document on all persons listed below via the Court's ECF filing system:

Lindbergh Porter, Esq.
Littler Mendelson, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104

Paul E. Bateman, Esq.
Littler Mendelson, P.C.
321 North Clark Street, Suite 1000
Chicago, IL 60654

Lisa A. Schreter, Esq.
Richard W. Black, Esq.
Littler Mendelson, P.C.
3344 Peachtree Road, NE, Suite 1500
Atlanta, GA 30326

Done this the **18th** day of April, 2018.

s/Roderick T. Cooks
Of Counsel

Plaintiffs' Opposition to Defendants' Combined
Motion to Dismiss, Transfer and Strike

Winston Cooks, LLC
505 20th Street North
Suite#815
Birmingham, AL 35203